United States District Court
Southern District of Texas
**ENTERED**
June 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PEDRO CASTILLO-PIZANO | § |
| | § |
| | § CIVIL ACTION NO. 7:16-CV-260 |
| VS. | § |
| | § CRIM. ACTION NO. 7:15-CR-1468-1 |
| UNITED STATES OF AMERICA | § |

## REPORT AND RECOMMENDATION

Movant Pedro Castillo-Pizano, a federal prisoner proceeding pro se, initiated this action pursuant to 28 U.S.C. § 2255 by filing a Motion to Vacate, Set Aside, or Correct Sentence. (Docket No. 1.)[1] Movant was sentenced to a 46-month term of imprisonment after pleading guilty to illegal reentry after a previous deportation in violation of 8 U.S.C. § 1326(a) & (b). Movant asserts only one ground for relief; specifically, that he received ineffective assistance of counsel when his attorney failed to argue that his sentence was unconstitutional based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 4-5.)

After carefully considering Movant's § 2255 motion, the record of his criminal case, and the applicable law, the undersigned concludes that Movant's § 2255 motion should be denied. Movant has filed a direct appeal in the Fifth Circuit Court of Appeals, which remains pending. Accordingly, for the reasons explained further below, it is recommended that the District Court deny Movant's § 2255 motion and dismiss this action without prejudice as premature.

## DISCUSSION

On May 20, 2016, approximately three months after he was sentenced in his underlying criminal case, Movant filed the instant § 2255 motion to vacate. However, on February 4, 2016,

---
[1] Docket entry references are to the civil action, unless otherwise noted.

the same day as his sentencing, Movant also filed a notice of appeal with the Fifth Circuit Court of Appeals. (Cr. Docket No. 17.) That appeal is now pending in the Fifth Circuit. *United States v. Pedro Castillo-Pizano*, No. 16-40190.

The Fifth Circuit has long held that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (holding that a motion to vacate under § 2255 is "not entitled to consideration on the merits" when the direct appeal remains pending). If a criminal defendant files a § 2255 motion during the pendency of a direct appeal, the collateral attack is generally considered premature, insofar as the collateral claims are not ripe or an appeal may render the collateral claims moot. *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988). If the § 2255 motion is premature, the district court should dismiss the motion without prejudice as premature. *See, e.g., United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991) (holding that the district court correctly dismissed without prejudice the defendant's collateral attack on his conviction pending the outcome of his direct appeal); *see also* Rule 4(b) of the Rules Governing Section 2255 Cases (authorizing summary dismissal of a section 2255 motion based on the pleading and record of prior proceedings).

Because Movant's direct appeal is still pending, his present § 2255 motion is not ripe for consideration on the merits and should be dismissed without prejudice to Movant's ability to file a proper § 2255 motion, if necessary, after the Fifth Circuit decides his appeal.

## CONCLUSION

For this reason, the undersigned respectfully recommends that Movant's § 2255 Motion to Vacate (Docket No. 1) be DISMISSED without prejudice as premature. It is further recommended that Movant be denied a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the recently-amended § 2255 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS. Because the undersigned recommends the dismissal of Movant's § 2255 action, it is necessary to address whether Movant is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds,

the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 claim should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that the petition does not state a valid claim of the denial of a constitutional right or that the court was correct in its procedural ruling. Accordingly, Movant is not entitled to a COA.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Movant and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on June 21, 2016.

_____
Peter E. Ormsby
United States Magistrate Judge